UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC FEARS MILT,

           Petitioner,           Case No. 2:19-cv-10550
                                        Hon. George Caram Steeh

v.

DEWAYNE BURTON,

           Respondent.

_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS, AND (4) DENYING MOTION FOR RELEASE

Eric Fears Milt, a Michigan Department of Corrections prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Oakland Circuit Court bench trial conviction of possession with intent to deliver 50 grams or more but less than 450 grams of a controlled substance, MICH. COMP. LAWS § 333.7401(2)(a)(iii), and possession with intent to deliver less than 50 grams of a controlled substance, MICH. COMP. LAWS § 333.7401(2)(a)(iv). Petitioner was sentenced to 10 to 40 years on the more serious charge and 2 to 40 years on the lesser charge.

The petition raises five claims: (1) the police violated Petitioner's Fourth Amendment rights by conducting a warrantless search of his person without reasonable suspicion that he was armed, (2) the police violated Petitioner's Fourth Amendment rights by using false statements to obtain a search warrant of his apartment, (3) Petitioner's counsel was ineffective for failing to properly raise his Fourth Amendment claims in the trial court, (4) Petitioner's counsel was ineffective for failing to adequately present his defense at trial, and (5) the prosecutor suppressed exculpatory evidence.

The Court finds that none of Petitioner's claims merit relief. The petition will therefore be denied. The Court will also deny Petitioner a certificate of appealability, deny permission to appeal in forma pauperis, and deny Petitioner's motion for release.

## I. Background

This Court recites the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arose from the discovery of narcotics in defendant's vehicle during a traffic stop conducted for the purpose of investigating a stolen vehicle. Southfield police officers had received information regarding a stolen Mercedes Benz in the parking lot of the Park Place Apartment Complex and set up surveillance of the stolen vehicle. Shortly thereafter, they

observed an individual, later identified as defendant, parking his own vehicle next to the stolen vehicle, exiting his own vehicle, and entering the stolen Mercedes Benz. The officers observed defendant as he remained inside the stolen vehicle for "[a] short time" before exiting and walking in the direction of the apartments. The officers continued with surveillance until defendant left the apartment sometime later, reentered his own vehicle, and started to drive away. As defendant attempted to leave the apartment complex, the officers conducted a traffic stop of his vehicle.

The police officers recovered 17 grams of cocaine from defendant's vehicle during the traffic stop. After defendant was arrested and booked, the police also searched defendant's person and discovered two rocks of crack cocaine in his clothing. Detective P. Kinal of the Southfield Police Department prepared an affidavit requesting a warrant to search defendant's apartment at 22951 Park Place Drive for, among other things, "[r]ecords, books, receipts, notes, ledgers, personal diaries, telephone and address books, supplier and customer lists, and other papers pertaining to the transportation, ordering, purchase and distribution of controlled substances . . . ." In pertinent part, the affidavit read:

(D)     That on 0/26/10 at around 5:05 pm members of the Southfield Police Tactical Crime Suppression Unit (TCSU) received information from Mercedes Benz that a confirmed stolen vehicle was parked at the Park Lane Apartments.

(1)    Officer Kerr, a member of Southfield Police TCSU, located the vehicle . . . parked in close proximity to 22951 Park Place Dr.

(2)   Officer Kerr observed a gold Saturn Aura park next to the stolen  Mercedes Benz at which point the driver of the Saturn, described as a     black male in his 30's[,] 5'10 with a stocky build wearing tan pants with a brown  hoodie and black doo rag, unlocked and entered the stolen     Mercedes Benz S550.

(3) Officer Kerr then watched as the male locked the Mercedes and walk [sic] in the direction of 22951 Park Place Dr.

(4)  Approximately an hour later, members of TCSU observed the same black male . . . enter the Saturn and drive away.

(5)  Southfield Officers Losh and Schneider of TCSU stopped the vehicle and made contact with the driver who identified himself as [defendant] via a Michigan Driver's license.

(6)  [Defendant] was found in possession of 17.8 grams of suspected crack cocaine (packaged individually in separate packages) and keys to the stolen Mercedes Benz . . . .

(7)  [Defendant] advised Officers Losh and Schneider that he resided at 22951 Park Place Dr[.] with his 16yr [sic] old daughter.

(8)  Southfield Officer McCormick of TCSU made [sic] 22951 Park Place Dr[.] and made contact with a female who identified herself as Teneca Kaperce Milt who advised that she and her father, [defendant], were the only people that resided at 22951 Park Place Dr.

(9) [Defendant] was searched by Southfield Jail staff and 10.6 more grams of additional crack cocaine was located on his person.

*   *   *

(E)  That based upon Affiant's education, training, and experience, he knows the following:

(1)  That persons involved in the trafficking of controlled substances often maintain instrumentalities and evidence of trafficking at their place of residence.

*   *   *

(3)  That persons trafficking in controlled substances often record their transactions or otherwise document their narcotics trafficking activities in; including but not limited to records, books, receipts, notes, ledgers, personal diaries, telephone and address

books, supplier and customer lists, documents, videotapes, and/or computer disks. An Oakland County magistrate signed the warrant, authorizing the search as requested, and the officers proceeded to execute the search warrant. During the search, officers discovered 235.6 grams of cocaine in defendant's apartment.

*People v. Milt*, 2016 WL 3542353, at *1–2 (Mich. Ct. App. June 28, 2016).

Following sentencing, Petitioner's appellate counsel filed a brief on

appeal that raised the following claims:

I. The Fourth Amendment prohibits warrantless searches of persons without a warrant or probable cause and an exception to the warrant requirement. There is a strong presumption that a warrantless search is unreasonable and violates the Fourth Amendment. In this case, the police confronted Defendant and detained him but subjected him to a full search of his person where they discovered alleged narcotics which could not reasonably have been mistaken for a weapon. Where the police conducted a full search of defendant's person for weapons without a reasonable suspicion that he was armed, the trial court erred by denying the motion to suppress.

II. Existing precedence establishes that the Fourth Amendment is violated when the police use false or misleading information in an affidavit to obtain a search warrant. The misleading or false statements must be removed so the remaining allegations can be assessed for probable cause. A defendant is entitled to a hearing once he or she makes a prima facie showing of false statements in an affidavit. Where the affidavit contained two blatantly false statements and one extremely misleading statement connecting defendant to the searched premises, the trial court erred by denying an evidentiary hearing and denying the second motion to suppress.

III. The Sixth Amendment right to counsel includes a requirement that counsel perform effectively. Counsel must, at a minimum, do a reasonable investigation and present relevant evidence on a

defendant's behalf. Where trial counsel failed to identify and pursue suppression of statements and suppression of physical evidence for clear violations of the Fourth Amendment, trial counsel did not provide effective assistance.

The Michigan Court of Appeals affirmed in an unpublished opinion. *Id*. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims that he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application by standard form order. *People v. Milt*, 894 N.W.2d 606 (Mich. 2017) (Table).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the following claims:

I. Defendant's constitutional rights were substantially violated when the government suppressed exculpatory impeachment evidence that Defendant recently newly discovered, and this *Brady* violation materially impacted the fairness of his trial.

II. Defendant is entitled [to] post-conviction relief pursuant to MCR 6.508(D) and his claims set forth grounds of cause and prejudice for failing to raise these claims on direct appeal.

The trial court denied the motion for relief from judgment, finding that Petitioner's new claims lacked merit. ECF No. 9-5. Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims, as well as an additional claim that now forms Petitioner's

fourth habeas claim, challenging his trial counsel's effectiveness on additional grounds.

The Michigan Court of Appeals denied the application for leave to appeal for "fail[ure] to establish that the trial court erred in denying the motion for relief from judgment." ECF No. 9-8. Petitioner attempted to appeal this decision to the Michigan Supreme Court, but his application was denied for "fail[ure] to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Milt*, 922 N.W.2d 127 (Mich. 2019) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless

arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004); see also *Woods v. Etherton,* No. 15-723, 2016 WL 1278478, at *3 (U.S. Apr. 4, 2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

### III. Discussion

A. Fourth Amendment

Petitioner's first habeas claim asserts that the police violated his Fourth Amendment rights by conducting a warrantless search of his person and vehicle without reasonable suspicion that he was armed. Petitioner's

similar second claim asserts that the police violated his Fourth Amendment rights by using false statements in the affidavit used to obtain a search warrant of his apartment. Neither of these claims is cognizable on federal habeas review.

Petitioner challenged the legality of the searches on direct appeal in the Michigan Court of Appeals. After reciting the applicable Fourth Amendment standard, the state court denied Petitioner's first claim on the basis that the police legally searched his person incident to his lawful arrest for being in possession of a stolen vehicle. The Court also found that the cocaine found in Petitioner's vehicle was properly admitted at trial because it would inevitable have been discovered during an inventory search of the vehicle after it was impounded. *Milt*, 2016 WL 3542353, at *4-6.

Similarly, the Michigan Court of Appeals rejected Petitioner's second claim that the search of his apartment violated the Fourth Amendment. The state court found that the trial court did not err in failing to hold an evidentiary hearing on the claim because Petitioner made no preliminary showing that the police intentionally or recklessly included false statements or omitted material facts in the affidavit for the search warrant. *Milt*, 2016 WL 3542353, at *7-8.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. See *Wynne v. Renico*, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); rev'd on other grds 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." See *Brown v. Berghuis*, 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3rd Cir. 1986)).

Petitioner presented his Fourth Amendment claim on direct review, and the state court denied relief on the merits. Review of Petitioner's first two claims are therefore barred by *Stone*. See *Hurick v. Woods*, 672 F. App'x 520, 525 (6th Cir. 2016).

B. Ineffective Assistance of Counsel – Fourth Amendment

Petitioner's third claim asserts that his counsel was ineffective for failing to properly raise the foregoing Fourth Amendment challenges in the trial court. After reciting the controlling Supreme Court standard, the state appellate court found in pertinent part:

> Defendant has also failed to prove that defense counsel was ineffective for failing to file a motion to suppress the cocaine obtained as a result of the warrantless searches of defendant's vehicle and person incident to arrest. As previously discussed, any such motion would have lacked merit. "Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion." *People v. Riley*, 468 Mich. 135, 142; 659 N.W.2d 611 (2003).

> Finally, although defense counsel's failure to submit affidavits in support of defendant's motion for a *Franks* hearing likely fell below an objective standard of reasonableness, defendant cannot establish prejudice as a result of this failure and his claim of ineffective assistance of counsel in this regard thus fails. We reiterate, first, that we need not consider defendant's appellate affidavit, see *People v. Horn*, 279 Mich. App. 31, 38; 755 N.W.2d 212 (2008), and defendant's current argument is thus inadequately supported. Moreover, even if the statement implying that the stolen Mercedes Benz key was discovered in defendant's personal vehicle is removed from Paragraph (D)(6) of the warrant affidavit, probable cause still existed based on the narcotics discovered in defendant's

possession in his vehicle. Indeed, the affidavit requests a warrant to search for evidence of narcotics trafficking, not possession of a stolen vehicle, and the stolen vehicle keys were therefore immaterial to the probable cause determination. This same line of reasoning applies to the alleged omission of defendant's explanation that he had permission to use the Mercedes Benz. Also, as the trial court properly concluded, information regarding a prior, warrantless search of defendant's apartment would not negate probable cause for a search warrant because no evidence discovered during that search was offered or necessary for establishing probable cause. Defendant suggests that the affiant did not have adequate information establishing a "nexus between [d]efendant and the apartment . . . ." However, even if we were to accept defendant's secondhand claim that his daughter only told the police that defendant was her father, she made this statement while in the apartment in question, thus making it a reasonable inference, in light of their observations of defendant's movements, that such a "nexus" existed. Under all the circumstances, we find no basis for reversal.

*Milt*, 2016 WL 3542353, at *8-9 (footnotes omitted).

Under clearly established Supreme Court law, a defendant must prove two things to demonstrate ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating counsel's performance under *Strickland*'s first step, the reviewing court must apply a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable

- 12 -

professional judgment." *Id.* at 690. Stated differently, the defendant is required to overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 689. Courts must "not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (internal quotation marks and citation omitted).

"[D]oubly deferential judicial review" applies to a *Strickland* claim evaluated under § 2254(d)(1)'s standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Further, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not

satisfied that standard." *Knowles*, 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

As indicated above, the Michigan Court of Appeals rejected Petitioner's Fourth Amendment claims on the grounds that the search and seizure of the evidence found in the car was inevitable given that in inventory search was going to be performed after Petitioner's arrest, and the search of his person was a lawful one incident to that arrest. With respect to the search of his apartment, the court noted that it was supported by a search warrant, and Petitioner failed to show that statements in the warrant's affidavit were deliberately misleading. These conclusions are supported by the record and clearly established Fourth Amendment law. Therefore Petitioner's counsel was not deficient for failing to pursue these claims in the manner Petitioner now proposes.

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. Amend. IV. Generally, this requires authorities to obtain a warrant supported by probable cause prior to conducting a search. *California v. Carney*, 471 U.S. 386, 390 (1985). There are several well established exceptions to the warrant requirement—including exceptions for arrests, for searches incident to lawful arrests, and for inventory

searches. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *Colorado v. Bertine*, 479 U.S. 367, 370 (1987).

With respect to arrests, "the Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." *DeFillippo*, 443 U.S. at 36. With respect to searches incident to a lawful arrest, police officers may search "the arrestee's person and the area within his immediate control" in order to protect police from any weapons the arrestee may possess, and to preserve any evidence the arrestee may gain access to and destroy. *Gant*, 556 U.S. at 338–39 (quotations omitted). Under the inventory exception, inventory searches of an automobile and the personal effects of an arrestee at the police station are permissible under the Fourth Amendment. *Bertine*, 479 U.S. at 370. Finally, under that inevitable discovery doctrine, where "the evidence in question would inevitably have been discovered without reference to the police error or misconduct, there is no nexus sufficient to provide a taint and the evidence is admissible." *Nix v. Williams*, 467 U.S. 431, 448 (1984).

Here, Petitioner's warrantless arrest was valid because the police had probable cause to believe that he was committing the crime of possession of a stolen vehicle. They had just observed Petitioner enter and exit a

vehicle that had been reported as stolen. From that lawful arrest, it follows

that the search and seizure of evidence found on his person and in his

vehicle were likewise valid. The warrantless search of his person at the jail

was a lawful search incident to a lawful arrest. The search and discovery of

the evidence in his vehicle was inevitable – it was subject to an inventory

search after being impounded following Petitioner's arrest. Accordingly,

counsel was not ineffective for failing to better challenge the discovery of

evidence on Petitioner's person or the stolen vehicle because there was no

viable basis for such a challenge.

With respect to the search of Petitioner's apartment, Supreme Court

law holds that affidavits supporting a search warrant are presumptively

valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). A defendant can

nevertheless challenge a search made pursuant to a warrant if he can

show "that a false statement knowingly and intentionally, or with reckless

disregard for the truth, was included by the affiant in [a search] warrant

affidavit, and if the allegedly false statement is necessary to the finding of

probable cause, the Fourth Amendment requires that a hearing be held at

the defendant's request." *Franks*, 438 U.S. at 155–56. If at that hearing the

defendant demonstrates perjury or reckless disregard by a preponderance

of the evidence and if, "with the affidavit's false material set to one side, the

affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded." *Id.* at 156.

In order to be entitled to a *Franks* hearing, a defendant's challenge to the affidavit must be "more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* at 171. The defendant must provide "allegations of deliberate falsehood or of reckless disregard for the truth, . . . accompanied by an offer of proof," such as "[a]ffidavits or sworn or otherwise reliable statements of witnesses." *Id.* Here, Petitioner made no proffer to the Michigan Court of Appeals, or here, that the alleged falsehoods in the search warrant affidavit were made knowingly or intentionally. Accordingly, Petitioner has likewise failed to demonstrate that his counsel was ineffective for failing to challenge the search of his apartment. He has failed to demonstrate the existence of evidence that would have warranted a *Franks* hearing. As will be discussed in more detail below, the FOIA response Petitioner received from the Detroit Police Department in no way demonstrates that the Mercedes Benz vehicle was not stolen, or that the police did not believe it was stolen.

Finally, Petitioner also asserted in the state court that his counsel was ineffective for failing to interview his daughter prior to trial as a potential

defense witness. As he did in the state courts, Petitioner continues to fail to explain exactly how presenting his daughter's testimony would have been helpful to his defense. *Hutchison v. Bell*, 303 F.3d 720, 748 (6th Cir. 2002). Even if she testified that she did not tell the police that Petitioner lived in the apartment, the police nevertheless had good reason to believe that he lived there given their observations. In any event, the premise upon which the claim rests is false. The record indicates that counsel did, in fact, interview Petitioner's daughter. See ECF No. 9-2, at 5-6 (defense counsel discussing what he learned from Petitioner's daughter).

Accordingly, Petitioner has failed to demonstrate entitlement to habeas relief based on the ineffective assistance of trial counsel claims presented on direct appeal.

## C. Post-Conviction Ineffective Assistance of Counsel Claims

Petitioner raises a second set of ineffective assistance of trial counsel claims that he did not present to the state courts until he filed his application for leave to appeal in the Michigan Court of Appeals following the denial of his motion for relief from judgment in the state trial court. To properly exhaust these allegations, Petitioner was required to raise them in the trial court as well. See, e.g., *Halstead v. MaClaren*, 2013 WL 4669969, at *3-4 (E.D. Mich. Aug. 30, 2013) (collecting cases). Because these

allegations were not fairly presented to all levels of state court review, and because Petitioner no longer has a state court procedure available to properly exhaust these claims, they are procedurally barred from review in this action.

Where a Petitioner fails to exhaust his claims, but has no remaining state-court remedy, his claims are properly deemed procedurally defaulted rather than simply unexhausted. See *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Landrum v. Mitchell*, 625 F.3d 905, 918 (6th Cir. 2010). In this case, Petitioner has no remaining state-court remedy for this second set of ineffective assistance of counsel claims because he already filed a motion for relief from judgment in the state trial court, and Mich. Ct. R. 6.502(G)(1) bars him from filing another one. Under *Gray*, such unexhausted claims are considered to be procedurally barred.

Procedurally barred claims may only be reviewed if the petitioner can demonstrate: (1) cause to excuse the default and actual prejudice from the alleged constitutional violation; or (2) that failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 772, 750 (1991). Petitioner cannot demonstrate cause for his failure to include these claims in the motion for relief from judgment filed in the state trial court. To demonstrate cause, a petitioner

must establish that some "external impediment" frustrated his ability to comply with the state's procedural rule. See *Murray v. Carrier*, 477 U.S. 478, 488, 492 (1986); *Haliym v. Mitchell*, 492 F.3d 680, 690-91 (6th Cir. 2007). Petitioner points to no external factor preventing him from including these allegations in his motion for relief from judgment.

Petitioner filed a reply brief, but in it he completely fails to respond to the argument that this set of claims is procedurally barred. Petitioner seems to assert in his reply that the FOIA response (indicating only that the Detroit Police Department did not have a report of the stolen Mercedes) establishes his actual innocence. As stated, a claim of actual, factual innocence will excuse a procedural default. But here, Petitioner was not convicted of possessing the stolen vehicle. Rather, he was convicted of narcotics offenses related to the discovery of cocaine on his person, in his own vehicle, and in his apartment. Even if it was true that the FOIA response letter established that the vehicle was not stolen, that fact would not speak to Petitioner's guilt or innocence of the narcotics offenses. Therefore, review of this set of ineffective assistance of counsel allegations is barred by Petitioner's procedural default, and he has not demonstrated a reason to excuse that default.

## D. Suppression of Exculpatory Evidence

Petitioner's fifth claim asserts that the prosecutor withheld exculpatory evidence indicating that the Mercedes Benz was not in fact stolen. He asserts that the allegation in the affidavit that Petitioner was arrested because he was seen entering and exiting a stolen vehicle was an after-the-fact fabrication to justify the traffic stop of Petitioner's own vehicle. The trial court reviewed this claim when it decided Petitioner's motion for relief from judgment, and it found that it was without merit. The Michigan appellate courts thereafter denied relief by form order. The trial court's decision did not contravene clearly established Supreme Court law.

Under, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the prosecution must disclose evidence in its possession that is both favorable to the accused and material to guilt or punishment. To establish a *Brady* violation, a defendant must show: "(1) the prosecutor suppressed evidence; (2) that such evidence was favorable to the defense; and (3) that the suppressed evidence was material." *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000). Evidence is material only if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987).

In 2016, Petitioner sent a FOIA request to the Detroit Police Department requesting a copy of any police report made by Johnnie or Doriea Breggs (the purported owners of the vehicle in question) reporting that it stolen between October 24, 2010, to October 26, 2010. ECF No. 9-4, PageID.23. The FOIA request was denied with a letter indicating that no such records could be located. Id. at 22. From this, Petitioner concludes that the vehicle was not, in fact, stolen, and that he must have had permission to use it. The search warrant, however, indicates that the Southfield Police Department, not the Detroit Police Department, received notification from the vehicle's manufacturer Mercedes Benz, not the vehicle's owners, that the vehicle was stolen and located where the police set up the surveillance. Id. at 28. The trial record simply indicates that police set up surveillance on a parked stolen Mercedes, and they observed Petitioner enter and then exit the vehicle. ECF No. 9-2, PageID.22-23. The denial of the FOIA request simply does not constitute evidence that the vehicle in question was not stolen. Rather, the narrow request made by Petitioner simply indicates that the Detroit Police Department could not locate a complaint of a stolen vehicle made by two particular people.

Petitioner has attached a policy from Mercedes-Benz indicating that they contact police regarding a stolen vehicle after the owner files a police

report and provides them with a police report case number. It is not clear, however, that this policy existed at the time of Petitioner's case, or that it was used in this case. Nor does the policy indicate that this is the only circumstance in which Mercedes-Benz would have reported the location of a stolen vehicle. If Petitioner's claim had merit, one would expect him to have provided a statement or affidavit from the vehicle's owners indicating that it was not stolen and that Petitioner indeed had permission to use the vehicle on the date in question. In short, the denial of the FOIA request does not amount to suppressed exculpatory evidence material to Petitioner's defense. This claim was reasonably adjudicated by the state trial court, and it does not provide a basis for granting habeas relief.

As none of Petitioner's claims merit relief, the petition is denied.

## IV. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000). Having undertaken the requisite review, the court concludes that jurists of reason would not debate the Court's decision with respect to Petitioner's claims because they are devoid of merit. With respect to the non-cognizable Fourth Amendment claims and the procedurally defaulted claims, reasonable jurists would not debate the Court's conclusion that these claims do not provide a basis for granting relief.

The Court will also deny permission to appeal in forma pauperis because an appeal of this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

As a final matter, the Court notes that Petitioner filed a motion for release. The court denies this motion as moot.

### V. Conclusion

Accordingly, the Court 1) **DENIES** the petition for a writ of habeas corpus, 3) **DENIES** a certificate of appealability, 3) **DENIES** permission to appeal in forma pauperis, and 4) **DENIES** Petitioner's motion for release.

**SO ORDERED**.

Dated:  March 5, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 5, 2020, by electronic and/or ordinary mail and also on Eric Fears Milt #515221, Cooper Street Correctional Facility 3100 Cooper Street, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk